UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| IN RE | ) | |
| MARK JEFFERY STOIBER, | ) | Case No. 07-61157-fra7 |
| Debtor. | ) | |
| MARK JEFFERY STOIBER, | ) | |
| Plaintiff, | ) | Adv. Proc. No. 08-6052-fra |
| vs. | ) | |
| CRAIG S. GALPERN, | ) | |
| Defendant. | ) | MEMORANDUM OPINION |

Plaintiff, the Debtor herein, filed a document entitled "Chapter 7 Order RE: Debtor(s) Motion and Order to Show Cause Re: Contempt," which seeks damages for violation of the automatic stay and for violation of the Fair Debt Collection Practices Act (FDCPA). It was interpreted by the Court as a complaint seeking a money judgment and gave rise to this adversary proceeding. Defendant filed a motion for summary judgment to which the Plaintiff filed a response. As neither party asked for a

MEMORANDUM OPINION-1

hearing, and the Court does not find one to be warranted, the matter will be decided on the present record without oral argument. For the reasons that follow, Defendant's motion for summary judgment will be granted.

BACKGROUND

Debtor's Bankruptcy

Debtor filed bankruptcy under chapter 7 on April 30, 2007. On February 25, 2008, the Debtor filed a "Notice of Amended Schedules and Amended Schedule(s) Matrix." On March 6, 2008, an Order of Discharge was entered and the case was closed. On March 17, 2008, the Debtor filed a Motion to Reopen Chapter 7 Case and filed a complaint against the Defendant on March 17, 2008. On March 26, 2008, the Debtor filed a complaint against the Defendant's client (and creditor of the Debtor), Leisa Preboski ("Preboski").

Complaint

The Plaintiff filed an affidavit with his Complaint in which he alleges that the Defendant sought to recover debts which were subject to discharge in violation of the automatic stay, by filing legal action in the Circuit Court of the State of Oregon for Jackson County.[1] He seeks punitive damages and attorney fees

---

[1] Defendant's client, Leisa Preboski, fka Leisa Stoiber, filed a motion in state court asking the court to find the Plaintiff in contempt for 1) interfering with the rights allocated to Preboski as custodial parent, 2) failing to pay attorney fees previously awarded to her, and 3) failing to provide insurance information.

MEMORANDUM OPINION-2

for violation of the automatic stay of 11 U.S.C. § 362(a)[2] (by way of civil contempt rather than the statutory remedy under § 362(k)(1)) and "Maximum Civil Penalties" under 15 U.S.C. § 1692 (the FDCPA). Violation of the FDCPA appears to be predicated entirely on the allegation of Defendant's willful violation of the automatic stay.

SUMMARY JUDGMENT

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056. The movant has the burden of establishing that there is no genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). The court must view the facts and draw all inferences in the light most favorable to the nonmoving party. <u>T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n</u>, 809 F.2d 626, 630-31 (9th Cir. 1987). The primary inquiry is whether the evidence presents a sufficient disagreement to require a trial, or whether it is so one-sided that one party must prevail as a matter of law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986).

A party opposing a properly supported motion for summary judgment must present affirmative evidence of a disputed material

---

[2] All section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 <u>et. seq.</u> in effect at August 11, 2005, unless the context otherwise indicates.

MEMORANDUM OPINION-3

fact from which a factfinder might return a verdict in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). Federal Rule of Bankruptcy Procedure 7056, which incorporates Federal Rule of Civil Procedure 56(e), provides that the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must respond with specific facts showing there is a genuine issue of material fact for trial. Absent such response, summary judgment shall be granted if appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 326-27 (1986).

CIVIL CONTEMPT

Bankruptcy courts have the inherent power to sanction under Code § 105, but do not have the authority to impose significant punitive sanctions. In re Rainbow Magazine, Inc., 77 F.3d 278 (9th Cir. 1996); In re Thomas Dyer, 322 F.3d 1178 (9th Cir. 2003). Caselaw involving civil sanctions imposed on a creditor for violating the discharge injunction of Code § 524 is relevant in a case involving an alleged violation of the automatic stay. To assess sanctions for violation of the discharge injunction, the moving party must prove that the creditor "(1) knew the discharge injunction was applicable and (2) intended the actions which violated the injunction." Zilog, Inc. v. Corning et al. (In re Zilog, Inc.), 450 F.3d 996, 1007 (9th Cir. 2006)(citing In re Hardy, 97 F.3d 1384, 1390 (11th Cir. 1996)).

DISCUSSION AND ANALYSIS

Defendant's motion for summary judgment is based on two arguments: (1) That this court does not have subject matter

MEMORANDUM OPINION-4

jurisdiction, and (2) That the Defendant did not knowingly violate the automatic stay. While no evidence has been presented specifically showing that Preboski's claim for attorney fees was subject to the automatic stay, it appears that Defendant does not contest that fact and the Court will accept it as true.

A. Subject Matter Jurisdiction

Defendant states that it brought the action in state court against the Plaintiff and the Plaintiff failed to remove it to the Bankruptcy Court. Citing In re Jeffries, 191 B.R. 861 (Bankr. D. Or. 1995), an opinion from this Court, Defendant then argues that jurisdiction over the matter is concurrent between the state and federal courts under 28 U.S.C. § 1334 and, until the matter is removed, jurisdiction rests with the state court and does not attach to the federal court. The state court, it therefore follows, has sole jurisdiction over the substantive issues and the merit of any defenses (including violation of the automatic stay of the Bankruptcy Code or that the debts in question are subject to discharge in bankruptcy). Defendant's argument might have merit if Jeffries were the final word on the matter. However, since that opinion was released, there have been further developments in the area in the Ninth Circuit.

In In re Gruntz, 202 F.3d 1074, 1082 (9th Cir. 2000), the Court of Appeals held that "[t]he automatic stay is an injunction issuing from the authority of the bankruptcy court, and bankruptcy court orders are not subject to collateral attack in other courts." [internal citations omitted]. Moreover, "[a]ny

MEMORANDUM OPINION-5

state court modification of the automatic stay would constitute an unauthorized infringement upon the bankruptcy court's jurisdiction to enforce the stay. . . . Because of the bankruptcy court's plenary power over core proceedings, the . . . argument that states have concurrent jurisdiction over the automatic stay under 28 U.S.C. § 1334(b) is unavailing." Id. at 1082-83.  A state court thus lacks jurisdiction in the first instance to determine whether a particular action of a defendant violated or violates the automatic stay of the bankruptcy court. That jurisdiction resides exclusively with the bankruptcy court.

B. <u>Violation of the Automatic Stay</u>

Defendant in his Concise Statement of Material Facts, filed with his Motion for Summary Judgment, lists the following pertinent facts (supported by affidavits of the Defendant and the Defendant's attorney, and by copies of documentary evidence):

(1) Defendant filed the action in state court on February 1, 2008 which, among other items, asked the court to hold Debtor in contempt for failing to pay attorney fees which had been entered against him in a previous proceeding.

(2) At the time Defendant filed the state court action, he was unaware that Debtor had filed bankruptcy.

(3) Defendant does not recall learning of Debtor's bankruptcy filing until February 22, 2008, when he received an envelope from Debtor containing a copy of the original notice of Debtor's bankruptcy issued by the court on April 30, 2007.

(4) To the best of Defendant's recollection, at about the

MEMORANDUM OPINION-6

same time he received the notice of Debtor's bankruptcy filing, his client Preboski dropped off at his office the same notice she had received from the Debtor.

    (5) To the best of Defendant's knowledge, Preboski did not learn of the bankruptcy filing until receiving the Notice of Filing at the time he received it.

    (6) On March 2, 2008, Defendant received from the bankruptcy court a copy of an order returning documents to the Debtor. Before receiving this notice, the Defendant had received nothing from the bankruptcy court concerning Debtor's bankruptcy.

In response to the Defendant's motion for summary judgment, the Plaintiff submitted his affidavit in which he submits:

    (1) There is a genuine issue of material fact.

    (2) Defendant should have had knowledge of the Plaintiff's bankruptcy filing as he is an experienced litigator and would have learned of the filing as part of due diligence in the representation of his client.

    (3) Defendant continued to pursue legal action against the Plaintiff in state court for 65 days after the date that Defendant states he learned of the bankruptcy filing.

    (4) Defendant willfully withheld discovery materials in the state court proceeding in an attempt to conceal his prior knowledge of Plaintiff's bankruptcy filing.

    (5) Defendant's affidavit filed with his motion for summary judgment in this court is disingenuous and misleading.

In a Reply to Plaintiff's Response, Defendant states that

MEMORANDUM OPINION-7

once he learned of Debtor's bankruptcy he took no action to recover for Preboski any debts discharged in Plaintiff's bankruptcy. Copies of two documents were filed with the Reply. Defendant's client Preboski filed a Response on April 30, 2008, over Defendant's signature, to Plaintiff's motion to dismiss the state action, by which she stated that she had no objection to dismissal of that part of the action regarding attorney fees, since she had become informed of Plaintiff's bankruptcy filing. A copy of Plaintiff's motion to dismiss was also tendered which shows that it was denied on May 14, 2008.

Analysis

Neither the Defendant nor his client Preboski were listed in the Debtor's schedules filed with his bankruptcy petition. The Notice of Filing issued by the bankruptcy court on May 2, 2007 was not mailed to either party. It was not until February 25, 2008, when the Debtor filed an amended Schedule F and an Amended Mailing Matrix, that the Defendant and Preboski were on the court's list of creditors. Presumably, the Debtor mailed copies of the Notice of Filing to the two omitted creditors just prior to filing amended schedules with the court. This is consistent with Defendant's statement that neither he nor his client were aware of the bankruptcy filing until the February 22, 2008 receipt of the copy of the Notice of Filing which had been sent by the Debtor.

Plaintiff argues that the Defendant should have been aware of his bankruptcy filing, as he is an experienced litigator.

MEMORANDUM OPINION-8

However, the Court will not impose on the Defendant the duty to search the bankruptcy records for a filing by the Plaintiff, especially when the Plaintiff had the duty under the Bankruptcy Code to list all creditors with his initial filing. Plaintiff provides no other evidence as to actual knowledge of the filing before February 22, 2008. Accordingly, for purposes of Defendant's motion, the Court accepts February 22, 2008 as the date that Defendant obtained knowledge of the Plaintiff's bankruptcy filing.

Plaintiff states in his affidavit that the Defendant continued to pursue legal action in state court for 65 days after February 22, 2008. He does not, however, present any evidence or facts showing that Defendant took any affirmative measures to collect the debt subject to discharge. Nor does he present any evidence that any party acting for the Defendant or the state court itself took any actions in furtherance of the state court action pertaining to the debt. Defendant, on the other hand, states that he took no actions to collect the disputed debt once he learned of the bankruptcy filing and presented documentary evidence showing that his client informed the state court on April 30, 2008 that she had no objection to dismissal of that portion of her action pertaining to her claim for attorney fees, as she had learned that the Plaintiff had filed for bankruptcy. Accordingly, as Plaintiff has presented no "affirmative evidence" that Defendant took any actions in violation of the automatic stay after he learned of Plaintiff's bankruptcy filing, this

MEMORANDUM OPINION-9

Court will not award any contempt sanctions under Code § 105 for violation of the automatic stay.

C. Federal Debt Collection Practices Act (FDCPA).

As stated previously, the Plaintiff suggests no violations of the FDCPA other than collection of a debt in violation of the Bankruptcy Code's automatic stay. Because the Bankruptcy Code provides the exclusive remedy for violation of both the automatic stay and the discharge injunction of §524, a claim under the FDCPA based entirely on a violation of either of those provisions is barred. <u>Walls v. Wells Fargo Bank, N.A.</u>, 276 F.3d 502 (9th Cir. 2002). Accordingly, Plaintiff's claim for damages under the FDCPA must fail.

CONCLUSION

Defendant has submitted sufficient evidence, not rebutted by the Plaintiff, showing that Defendant was not timely notified of Plaintiff's bankruptcy filing and was thus unaware that the actions he took in state court could have violated the Code § 362 automatic stay which went into effect when Plaintiff filed his petition in bankruptcy. As that is an element the Plaintiff must prove before this court will award civil sanctions for violation of the automatic stay, Plaintiff's claim for violation of § 362 must fail. Because the Bankruptcy Code provides the exclusive remedy for violation of the automatic stay, Plaintiff's claim under the FDCPA must also fail.

// // //

// // //

MEMORANDUM OPINION-10

Accordingly, Defendant's motion for summary judgment will be granted. An order consistent with this Memorandum Opinion will be entered by the court.

FRANK R. ALLEY, III
Bankruptcy Judge

MEMORANDUM OPINION-11